**Clyde P. WILSON et ux., Appellants,**

v.

**J. A. HART, Appellee.**

**No. 6912.**

Court of Civil Appeals of Texas.
Amarillo.
Jan. 25, 1960.

Ray & Baughman, Amarillo, Boyd Knudtson, Amarillo, of counsel, for appellants.

Simpson, Adkins, Fullingim & Hankins, Amarillo, Wayne Sturdivant, Amarillo, of counsel, for appellee.

CHAPMAN, Justice.

Appellants are Mr. and Mrs. Clyde P. Wilson, and are so designated both in the trial court and here. They sued J. A. Hart for damages to their Pontiac automobile proximately caused by appellee turning his truck to the left and into said Pontiac. He was alleged to have been negligent in failing to keep a proper lookout, in failing to have his vehicle under control, in failing to signal he was going to make a left turn, and in failing to yield the right of way. The case was tried to a jury. Only the two appellants testified. It is without contradiction in the record that appellants proved an invasion of their legal rights and proved their Pontiac was damaged but failed to prove a correct measure of damage. The court under this state of the record instructed a verdict for appellee and rendered a take nothing judgment against appellants, taxing all costs against them. It is from this judgment appellants have perfected their appeal.

In their first point they assert error in granting appellee's motion for an instructed verdict since the undisputed and uncontradicted evidence showed their damages proximately resulted from appellee's negligence; hence they were entitled at least to a judgment for nominal damages and costs.

They have divided their second point into Parts A and B, A asserting a violation of the purpose and spirit of Texas Rules of Civil Procedure in granting an instructed verdict despite uncontradicted and undisputed evidence that a legal wrong had been inflicted upon them by appellees. In "B" they urge the trial court, contrary to the purpose and spirit of Texas Rules of Civil Procedure, abused its discretion in sustaining numerous general objections pertaining to appellants' evidence on damages, knowing a young and inexperienced attorney represented appellants.

The Beaumont Court has held: "Where there is an actionable injury there is an absolute right to damages * * * As said by the court, in Ehlert v. [Galveston, H. & S. A.] Railway Company, Tex.Civ. App., 274 S.W. 172, 174: 'When a plaintiff sues for damages for the invasion of a legal right, and fails to show on the trial any actual damage sustained by him, he may yet be entitled to recover nominal damages and cost of suit.'" White v. Beaumont Implement Co., Tex.Civ.App., 21 S.W.2d 559, 561 (N.W.H.).

The Dallas court has held: "* * * appellant proved * * * that appellant had suffered an invasion of a legal right. His failure to prove the correct measure of his damages did not justify an instructed verdict against him, for as we have said earlier in this opinion, he was entitled at least to nominal damages." Collier v. Bankston-Hall Motors, Inc., Tex.Civ.App., 267 S.W.2d 898, 901 (N.W.H.).

Again the Galveston court in discussing this question in a much later opinion than that quoted from in Ehlert v. Galveston, H. & S. A. R. Co., supra, and after our new rules became effective held the trial court should have rendered judgment awarding appellants nominal damages and costs. They frankly stated they were in doubt as to whether to apply the rule to render the judgment the trial court should have rendered or reverse and remand the cause for a new trial. They then reversed and re-

manded the case for a new trial. Arnold v. Tarrant Beverage Co., Tex.Civ.App., 215 S.W.2d 894 (N.R.E.).

Appellee, by brief, admitted the evidence introduced entitled appellant to nominal damages but urge they waived their right by failure to request the trial court to enter a judgment for such damages and requesting the court to submit the case to the jury with an instruction on nominal damages. They then assert if they are incorrect in such intention this court should award nominal damages and costs and render judgment.

In Citizens' Nat. Bank of Brownwood v. Texas Compress Co., Tex.Civ.App., 294 S. W. 331, 337 (writ refused) the Austin Court, in a case approved by the Supreme Court, has held that the action of a trial court giving a peremptory instruction can be attacked on appeal, though no objection was taken. Justice McClendon, in speaking for that court in a discussion of the effect of a peremptory instruction quoted with approval from an opinion by Chief Justice Phillips as follows [Walker v. Haley, 110 Tex. 50, 214 S.W. 295]:

"'When a court determines upon a peremptory instruction, the ruling decides the cause. It is a determinative decision upon the effect of the evidence. It is reached, as a rule in the actual practice, only after the argument of counsel in which the opposing view is presented and of which the court has the full benefit. Since the action of the court is a ruling on the effect of the evidence, there is nothing for counsel to object to after the ruling is determined. The judge having ruled upon the question, deliberately it will be assumed, it is to be supposed that he will adhere to his ruling. There is nothing in the act to indicate that in this situation counsel were to have imposed upon them the useless procedure of going through the form of presenting written objections to the medium—the peremptory instruction—

through which the ruling is made effective.

" 'The "charge of the court" with which the act deals, is a charge applying the law to the facts of the case for the jury's guidance, a charge for that end, and which for supposed errors may be open to correction. It has no reference to a direction of the verdict, which leaves the jury with no province, and subject, therefore, to no influence from a charge; which is not a "charge" at all in any true sense, but only the means of giving effect to the sustaining of a demurrer to the evidence; and which, if erroneous at all, is so, not because of any defect in the direction, but because of the court's mistaken view as to the effect of the proof.' "

The Supreme Court has now definitely and specifically said that the holding in the Citizens' Nat. Bank of Brownwood case on the point under discussion is the correct rule. Dunagan v. Bushey, 152 Tex. 630, 263 S.W.2d 148.

There are some Courts of Civil Appeals cases indicating that in the absence of a request to enter judgment for nominal damages an appellate court will not reverse merely to permit an award of nominal damages. Wafer v. Edwards, 248 S.W.2d 320; Payne v. Holmes, 151 S.W.2d 359; Mitchell v. Heard, 98 S.W.2d 832; Allbritton v. Mading's Drug Stores, Inc., 138 S.W.2d 901.

In the Wafer v. Edwards case the trial court found there was insufficient evidence to support an award of any damages. In the Payne v. Holmes case appellant failed to request in the appellate court a judgment for nominal damages and costs. In the Mitchell v. Heard case issues were submitted to the jury and answers returned. A peremptory instruction was not given and the appellate court said it would have been improper. In the Allbritton v. Mading's Drug Stores, Inc. case no request was made in the appellate court for nominal damages

and costs. None of these four cases are cited by us for authority on any subject but only to show the distinguishing features between such cases and the case at bar. Clearly there are material distinguishing features.

The record indicates the trial court had the opportunity to correct her action in giving a peremptory instruction against appellants and assessing all costs against them because their Motion for New Trial asserted error in instructing the verdict because some evidence was presented for the jury to consider. The transcript did not bring forward the formal order overruling their motion for new trial but since she granted a take nothing judgment it was at least overruled by operation of law.

This case will have to be reversed. As stated by the court in the case of Arnold v. Tarrant Beverage Co., supra, we are in doubt as to whether we should apply the rule to render the judgment here that the trial court should have rendered, or whether we should reverse and remand the cause for a new trial.

Rule 434, V.A.T.R. provides:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

In effect, appellants urge the case should be reversed and remanded for a new trial because the rulings of the trial court were contrary to the purpose and spirit of our Texas Rules of Civil Procedure. The record indicates considerable intolerance on the part of the trial judge toward the efforts of appellants' counsel to make proof of a correct measure of damages. For example, on several occasions she an-

nounced her ruling simply upon a general objection and without appellee's counsel stating the grounds therefor. However, the record indicates complete unpreparedness of appellants' counsel in making proof of the correct measure of damages, so, perhaps the trial judge had some justification for exhibiting an intolerant attitude. We believe justice will be better served in this case by reversing and rendering the judgment the trial court should have rendered. To reverse and remand would have the effect of giving appellants' two trials in which to make their proof of actual damages.

Accordingly, the judgment of the trial court is reversed and rendered for appellant for nominal damages of $1 and costs of court.