Raul TREVINO, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.

No. 1391.

Court of Civil Appeals of Texas, Corpus Christi.

May 17, 1979.

Richard Arroyo, Brownsville, Warren N. Weir, Charles Herring, Jr., Gochman & Weir, San Antonio, for appellant.

Marshall W. Graham, Harlingen, Donna Lynn Snyder, San Antonio, for appellee.

## OPINION

NYE, Chief Justice.

Plaintiff Raul Trevino brought suit against Southwestern Bell Telephone Company alleging that the defendant broke and entered into his place of business, removed two business telephones without permission, and as a result, invaded the privacy of his business establishment to his damage. The case was tried before a jury. At the close of the evidence, the trial court withdrew the case from the jury and rendered judgment for the defendant telephone company. Plaintiff appeals.

Plaintiff alleged that he had experienced continuous disruptions of his telephone service because of malfunctioning equipment, requiring him to make . continuous complaints about his phone service, all of which went unheeded. Finally, the plaintiff called defendant's headquarters in St. Louis, Missouri, complaining of the poor service he was receiving in Brownsville. The plaintiff contended that because of these complaints, the defendant telephone company decided to retaliate by removing plaintiff's telephone instruments. Plaintiff alleged that the defendant telephone company trespassed upon his business premises, breaking down a door located at the rear of his office and thereafter removing his telephone instruments without his consent or authorization. He sought recovery for the following damages: loss of business in the amount of $15,000.00; $30.00 for repair to his door; $50.00 for inconvenience in being denied his telephone until it was replaced; mental anguish in the amount of $10,000.00; $10,000.00 for invasion of his right to privacy; punitive damages in the amount of $100,000.00; and nominal damages of $500.00. At the conclusion of the trial, the court ruled that there was no evidence that would warrant the submission of any of the damage issues to the jury. The plaintiff on appeal does not take issue with the trial court's rulings regarding the lack of evidence on the various damage issues except for two: 1) mental anguish and/or 2) nominal damages.

█ The plaintiff's first point of error concerns the trial court's ruling that there wasn't any evidence that would support an issue on mental anguish. On appeal, we are required to view all of the evidence in the light most favorable to the party against whom an instructed verdict is entered, indulging every inference that can properly be drawn from the evidence against the trial court's action. *Echols v. Wells,* 510 S.W.2d 916 (Tex.Sup.1974); *T–L Drilling Company v. Northern Propane Gas Co.,* 516 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1974, no writ); *K & S Oil Well Service, Inc. v. Cabot Corporation, Inc.,* 491 S.W.2d 733 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.).

The evidence shows that Gilbert Rodriguez, an employee of the defendant telephone company, who installs and disconnects telephones, went to the plaintiff's premises. When no one answered his knock at the door, Rodriguez went to the office of the Gold Cross Ambulance Service and asked Mr. Cavazos if he knew of anyone who had a key to plaintiff's office. The evidence is conflicting as to what took place next. The plaintiff contends that Rodriguez broke down the door and took the

telephones. The evidence, as we must view it, shows that the defendant's employee entered plaintiff's place of business without his permission and removed the telephones. When plaintiff discovered that his telephones had been removed, he went next door to the Gold Cross Ambulance Service and talked with Mr. Cavazos concerning the removal of his phones. Cavazos testified: "He [the plaintiff] came to me and was very upset, and he said someone had stolen his phones . . . and I told him I am sorry Southwestern Bell has come and pulled your phones. And he got upset." The evidence showed on cross-examination that the plaintiff was mad and upset. "He was very upset that his office had been broken into."

■ The invasion of privacy is a willful tort which constitutes a legal injury. Damages for mental suffering are recoverable without the necessity of showing actual physical injury in a case of a willful invasion of the right of privacy. This is so because the injury is essentially mental and subjective; no actual harm is done to the plaintiff's body. *Billings v. Atkinson,* 489 S.W.2d 858 (Tex.Sup.1973). The term "mental anguish" implies a relatively high degree of mental pain and distress. It is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these. It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair and/or public humiliation. Compare: *Gonzales v. Southwestern Bell Telephone Company,* 555 S.W.2d 219 (Tex. Civ.App.—Corpus Christi 1977, no writ). In *Gonzales,* we reversed and rendered judgment based on jury findings awarding damages for mental anguish. There, the injured parties testified at length as to their feelings of humiliation, stomach aches, loss of sleep, nervousness and embarrassment. The injuries were characterized as a feeling of loss of stature, self-esteem and humiliation that caused Mr. Gonzales to feel "like the size of a red ant, as small as that." His wife could not sleep at night and was concerned about what her neighbors would

think because of the invasion of her privacy by the telephone company. Here, the plaintiff never testified about any mental suffering, pain or humiliation. His only complaint was that he was very upset because someone had stolen his telephones. We hold that the trial court was correct in ruling that the plaintiff had not suffered mental anguish from the evidence presented. Plaintiff's first point of error is overruled.

■ Plaintiff's second point of error is that there was sufficient material evidence to support a jury issue on nominal damages and that the trial court erred in directing a take nothing verdict for the defendant telephone company. The trial court found that the plaintiff had raised a fact issue regarding the invasion of privacy of his property, but that there was no evidence that plaintiff had suffered mental anguish. After the trial court had ruled that there was no evidence to submit any issue concerning damages, the plaintiff's attorney reminded the court that he had sought nominal damages for the trespass. The trial court stated to plaintiff's attorney: "When we first sat down here this afternoon, as I understood, you told me that you were not going to pursue the trespass." The attorney for the plaintiff acknowledged that that was true, but that was " . . . before I knew that the court was going to cut out all the damage issues on me." The trial judge then decided that he would not present any issues to the jury: "Your exception will be preserved," he said. Compare: *Dunagan v. Bushey,* 152 Tex. 630, 263 S.W.2d 148 (1953). Where a trial court instructs a verdict, it is not necessary to request that a special issue be submitted.　·

■■ Nominal damages are those damages recoverable where a legal right is to be vindicated against an invasion that produced no actual loss, or where, from the very nature of the case, some injury has been done, the amount of which the proof fails to show. 17 Tex.Jur.2d, Damages, § 4, p. 81. The defendant telephone company contends that there was no pleading which sought

recovery for nominal damages based on an invasion of privacy. This contention is without merit. Plaintiff sought damages for trespass and invasion of privacy as well as nominal damages. Although the court carried along defendant's exceptions to plaintiff's pleadings, no ruling was made. The general rule is that where the record shows that the plaintiff is entitled to only nominal damages, the appellate courts will not reverse the entire case merely to enable him to recover such damages. *Travelers Insurance Company v. Employers Casualty Co.*, 380 S.W.2d 610 (Tex.Sup.1964). To permit an entire new trial for such error would, in effect, give the plaintiff two trials, or two bites at the apple. See: *Wilson v. Hart*, 332 S.W.2d 107 (Tex.Civ.App.—Amarillo 1960, no writ); and *Rossi v. Johnson*, 355 S.W.2d 582 (Tex.Civ.App.—San Antonio 1962, no writ) and authorities cited therein. The defendant telephone company makes this suggestion in its brief. We agree.

We hold that although plaintiff was unable to prove any actual damages, he is entitled, nonetheless, to nominal damages for the trespass and invasion of privacy of his office establishment by the defendant telephone company's employee. Therefore, we render the judgment that the trial court should have rendered by ordering the defendant to pay nominal damages in the amount of $50.00, and the costs both in the trial court and on appeal. Rule 434, T.R.C.P. We have considered plaintiff's other points of error and they are without merit.

The judgment is REVERSED and judgment is here RENDERED that plaintiff recover $50.00 and all costs.