TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00553-CV






Cynthia Sterkenburg, Appellant



v.



George Bittner, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 95-10673, HONORABLE JOSEPH H. HART, JUDGE PRESIDING 







 Appellant Cynthia Sterkenburg sued appellee George Bittner for sexual harassment,
alleging both statutory and common law claims. The trial court granted Bittner's partial summary
judgment motion dismissing the statutory claim. See Tex. Lab. Code Ann. § 21.051 (West 1996). 
The case went to trial on theories of assault, negligence, gross negligence, and intentional
infliction of emotional distress, and on Bittner's counterclaim for slander. The jury found both
parties liable, but assessed no damages. Sterkenburg appeals the trial court's summary judgment
dismissal of her statutory claim. In addition, Sterkenburg raises seven issues on appeal with
respect to evidentiary rulings of the trial court. In a cross-appeal, Bittner complains that the trial
court erred in not granting him nominal damages. We will affirm the trial court's take-nothing
judgment.


BACKGROUND


 This case comes before us on appeal from a take-nothing judgment against Cynthia
Sterkenburg and Dr. George Bittner. Cynthia Sterkenburg was a senior biology student at the
University of Texas (the "University") in the fall of 1993. In December 1993, she started to work
in the lab of her professor, Dr. George Bittner. Almost immediately, there developed a
complicated and curious relationship between professor and student. Sterkenburg needed an
apartment; Bittner, who owned and managed rental properties near campus, offered one of his
apartments to her, and invited her to participate in its refurbishing. Sterkenburg told Bittner that
she was short of funds and would have to work during the spring semester to continue school. 
Bittner subsequently offered her a job working for a consulting company in which he had an
interest for a salary of $100,000 to $150,000. Although Sterkenburg never accepted the position,
she did write a business plan for the company in exchange for living rent-free in the apartment. 
Bittner also made available to her a grant for several thousand dollars, delivered to the University
through one of his friends and associates.

 Over the next few months, their lives became more intertwined. Bittner made
Sterkenburg the beneficiary of his will. Bittner and Sterkenburg took several trips together,
ostensibly for educational and business purposes. On these trips, either Bittner or the University
paid Sterkenburg's expenses. The two confided in one another details of their personal lives. On
at least two occasions, Bittner referred to the possibility of a sexual relationship between the two,
but apparently one never transpired. (1)

 In the spring of 1994, Sterkenburg consulted several mental health practitioners
about anxiety and physical ailments that allegedly resulted from what she considered sexually
harassing behavior by Bittner. She also filed a complaint of sexual harassment against Bittner with
the University. Following a summer spent in a laboratory where Dr. Bittner also worked,
Sterkenburg brought this suit against Bittner and the University on several common law claims,
and a statutory claim of sexual harassment under the Texas Human Rights Act. See Tex. Lab.
Code Ann. § 21.051 (West 1996). She claimed that her refusal to have an intimate relationship
with Bittner resulted in a hostile work environment, causing her physical and mental injuries. 
Bittner brought a counterclaim against Sterkenburg for slander. The University settled out of
court, and the case proceeded against Bittner. The trial court summarily dismissed Sterkenburg's
statutory claim against Bittner on the ground that the Texas Human Rights Act establishes no
liability for supervisors. At trial, the issues that went to the jury were whether Bittner was liable
on theories of assault, negligence, gross negligence, and intentional infliction of emotional
distress, and whether Sterkenburg was liable for slander.

 The jury found that both parties were fifty percent liable for Sterkenburg's injuries;
however, they failed to find that any damages flowed from her injuries. The jury also found that
Sterkenburg slandered Bittner, but awarded him no damages. Both parties appeal the take-nothing
judgment.

DISCUSSION


Summary Judgment 

 Sterkenburg raises eight issues on appeal. First, she contends that the trial court
erred in granting Bittner's motion for partial summary judgment on her statutory sexual
discrimination claim. The propriety of summary judgment is a question of law. See Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). We therefore review the trial court's decision
de novo. See id.

 Sexual harassment by an employer is actionable under the Texas Human Rights Act. 
See Tex. Lab. Code Ann. § 21.051 (West 1996). For Bittner to be considered an employer for
purposes of the Act, (1) he must fall within the statutory definition of employer; and (2) there must
be an employment relationship between the parties. See Guerrero v. Refugio County, 946 S.W.2d
558, 566 (Tex. App.--Corpus Christi 1997, no writ) (citing Deal v. State Farm County Mutual
Ins. Co. of Tex., 5 F.3d 117, 118 n.2 (5th Cir. 1993)). "Employer" is defined for the purposes
of the act as:


(A) a person who is engaged in an industry affecting commerce and who has 15
or more employees for each working day in each of 20 or more calendar
weeks in the current or preceding calendar year;


(B) an agent of a person described by Paragraph (A); 


 . . . 



Tex. Lab. Code Ann. § 21.002(8) (West 1996) (emphasis added). Sterkenburg claims that 
because of his status as her supervisor, Bittner is an agent of the University and is therefore liable
for sexual harassment under section 21.002(8)(B) of the Texas Human Rights Act. 

 In City of Austin v. Gifford, 824 S.W.2d 735 (Tex. App.--Austin 1992, no writ),
this Court determined as a matter of law that there is no liability for supervisors and managers in
their individual capacity under the Texas Human Rights Act. See id. at 742; see also Bushell v.
Dean, 781 S.W.2d 652, 657 (Tex. App.--Austin 1989), rev'd on other grounds, 803 S.W.2d 711
(Tex. 1991) (interpreting Tex. Rev. Civ. Stat. Ann. art. 5221k, § 5.01 (1987)). Sterkenburg
argues that Gifford is distinguishable on the facts. First, she argues that Bittner admitted he was
an employer on several occasions to Sterkenburg. In contrast, there was no evidence in Gifford
that the supervisor conceded his status as employer. Second, she asserts that in Gifford there was
no evidence of the multifaceted employer-employee relationship like that which existed between
Bittner and Sterkenburg. Finally, she contends that there was no indication that the plaintiff in
Gifford asserted claims under the agency aspect of the definition of employer.

 Appellant's arguments are unavailing. Evidence of the extent of control that Bittner
might have had over Sterkenburg speaks only to the second element of the employer test--that is,
to the question of whether an employment relationship existed between the parties. Bittner's
"admissions" that he was an employer are immaterial to his legal status as an employer under the
Act. Similarly, the fact that he held several positions of authority over Sterkenburg does not
create statutory liability unless he either employed a minimum of fifteen workers, (2) or acted as an
agent of the University. Sterkenburg presents no evidence other than Bittner's role as supervisor
to establish that Bittner is an agent within the meaning of the Act. We have held that a supervisor
is not an agent within the meaning of the Act. See Gifford, 824 S.W.2d at 742. Therefore,
because there is no viable theory by which Bittner meets the statutory definition of "employer,"
we affirm the partial summary judgment in favor of Bittner with respect to Sterkenburg's statutory
cause of action.


Evidentiary Points

 Sterkenburg raises seven issues on appeal with respect to the admission or exclusion
of evidence by the trial court. Evidentiary rulings are committed to the trial court's sound
discretion. See Owens-Corning Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998)
(citing City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995)). An appellate court
must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. See
id. We will not reverse judgment based on error in the admission or exclusion of evidence absent
some showing that the trial court's ruling was in error, and that the error was calculated to cause
and probably did cause rendition of an improper judgment. See Tex. R. App. P. 44.1(a); Lubbock
County v. Strube, 953 S.W.2d 847, 855 (Tex. App.--Austin 1997, pets. denied).

 In her second issue on appeal, Sterkenburg argued that the trial court erred in
excluding the opinion testimony of three lay witnesses: Robert Boyer, the Dean of the College
of Natural Sciences; Assistant Dean of Students Gage Elizabeth Paine; and Arlene Marks-Montgomery, Sterkenburg's treating psychotherapist. In her discovery responses, Sterkenburg
failed to designate Dean Boyer, Dr. Paine, and Ms. Marks-Montgomery as experts. At trial,
Sterkenburg's counsel attempted to elicit testimony from each witness as to the appropriate
standard of care for a professor, and whether Dr. Bittner's behavior violated that standard of care. 
The trial court ruled that such testimony was inadmissible under Rule 701 of the Texas Rules of
Evidence, which states that lay witness testimony "is limited to those opinions or inferences which
are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding
of the witness' testimony or the determination of a fact issue." Tex. R. Evid. 701.

 None of the witnesses called by appellant had personally observed the conduct of
George Bittner. The basis for their testimony as to the propriety of Bittner's conduct was first-hand reports from the parties, and their own experience as educators and counselors. If, as
Sterkenburg contends, this is information that is well within the knowledge of "any college-educated person," the admission of this evidence would not have provided any clearer
understanding of a determination of a fact issue. It would therefore be properly excluded under
Rule 701. If, on the other hand, the information called for some expertise of the witnesses, the
testimony was properly excluded due to Sterkenburg's failure to designate her witnesses as
experts. A party cannot introduce expert testimony at trial by witnesses not designated as experts
absent some showing of good cause. See Tex. R. Civ. P. 193.6(a); Aluminum Co. of Am. v.
Bullock, 870 S.W.2d 2, 3 (Tex. 1994) (citing former Texas Rule of Civil Procedure 215(5)). 
Sterkenburg does not show good cause for not designating her witnesses as experts. The trial
court therefore did not abuse its discretion in excluding the lay witnesses' testimony about the
propriety of Dr. Bittner's behavior.

 In her third issue on appeal, Sterkenburg argues that the trial court erred in
excluding expert testimony from Dr. Margaret Jensvold that appellant suffered spontaneous
bruising caused by stress resulting from Bittner's conduct. The evidence was excluded by the trial
court as a discovery sanction pursuant to what was then Rule 215(5) of the Texas Rules of Civil
Procedure, which stated that "[a] party who fails to respond to or supplement his response to a
request for discovery shall not be entitled to present evidence which the party was under a duty
to provide in a response or supplemental response or to offer the testimony of an expert witness
. . . ." Tex. R. Civ. P. 215(5) (1997).

 Sterkenburg contends that the defense did have access to the doctor's opinion during 
the doctor's pretrial deposition. At trial, Sterkenburg's counsel argued that the book Dr. Jensvold
brought to her deposition contained her opinions about the source of spontaneous bruising. 
However, Sterkenburg did not disclose in her interrogatories that Dr. Jensvold would be testifying
about bruising. Instead, in her answers to interrogatories requesting the substance of expert
opinions, Sterkenburg incorporated by reference all of her medical records. The trial court found
that the medical records contained no reference to the source of the spontaneous bruising. It
therefore properly excluded the testimony under the discovery sanction of Rule 215(5). We
overrule appellant's third issue on appeal.

 In her fourth issue on appeal, Sterkenburg complains that the trial court erred in
failing to exclude evidence of a federal court opinion commenting on the weight that should be
given Dr. Jensvold's testimony. On direct examination, Dr. Jensvold confirmed that she was a
plaintiff in a sexual harassment case in federal court against a former employer. At the time of
this trial, Dr. Jensvold's case was on appeal. On cross examination, defense counsel introduced
into testimony the following comment from the federal court's memorandum opinion:


 No matter how much magnification is applied to the facts of this case,
Plaintiff Jensvold's version of the events remains an illusion. Her skewed
perception of the events, whether after the fact rationalizations born of a personal
sense of failure or a contemporaneous self-fulfilling prophecy, is entirely of her
own creation.


 Dr. Jensvold was ready to see sinister motive in any action she perceived
as remotely critical of her.



 Sterkenburg argues that the testimony of the federal court should have been
excluded under Rule 403 because the prejudice of the comment far outweighed any probative
value. Appellant's motion in limine sought exclusion of any testimony or evidence that Dr.
Jensvold was a litigant in a sexual harassment case. The trial court granted the request, with the
caveat that evidence that the witness had filed a sexual harassment claim would be admissible. At
trial, however, it was Sterkenburg's counsel who introduced Dr. Jensvold's experience as a litigant
in a sexual harassment claim. In addition, Sterkenburg did not object when Dr. Jensvold testified
on cross-examination that her experience as a litigant contributed to her expertise as a witness. 
It was only when appellee's counsel sought to question Dr. Jensvold's credibility as an expert on
these grounds that Sterkenburg's counsel objected. Because Sterkenburg put Dr. Jensvold's
experience as a plaintiff in a sexual harassment case at issue, the trial court did not abuse its
discretion in allowing defense counsel to challenge that expertise. (3)

 In her fifth issue on appeal, Sterkenburg objects to the introduction of testimony
involving abuse in her childhood. Sterkenburg moved to exclude this testimony in her pretrial
motion in limine. The motion was denied. Sterkenburg made no other objection to this testimony
at trial. A motion in limine does not preserve error for appeal. See, e.g., Crider v. Appelt, 696
S.W.2d 55, 59 (Tex. App.--Austin 1985, no writ). Because appellant did not properly preserve
this error, we need not address the issue. See Tex. R. App. P. 33.2.

 In her sixth and seventh issues on appeal, Sterkenburg argues that the trial court
erred in excluding evidence of Bittner's past behavior and reputation. The trial court found that
evidence about Bittner's conduct with previous women, including his ex-wives, should be excluded
as unfairly prejudicial. In so doing, Sterkenburg contends, the trial court improperly excluded all
evidence that tended to impeach Bittner's representations about himself and his position in this
lawsuit.

 Sterkenburg never asserts that Bittner's relationships with other women were known
within the academic community, the basis of Bittner's counterclaim. We cannot see how such
evidence is relevant to Sterkenburg's defense of the slander claim. Even if we assume that this
evidence were relevant and improperly excluded, however, Sterkenburg must show that the error
probably caused the rendition of an improper judgment. See Tex. R. App. P. 44.1. While the
jury found that Sterkenburg had slandered Bittner, they did not assess any damages. Sterkenburg
has not shown that she was harmed in any way or that the judgment was improper. Accordingly,
we overrule appellant's sixth and seventh issues on appeal.

 In her eighth issue on appeal, Sterkenburg contends that the trial court erred in
admitting Defendant's Exhibit 47. Exhibit 47 was a copy of a syllabus that had been annotated
by Dr. Bittner to reflect the sequencing of comments allegedly written by Sterkenburg. In her
testimony, Sterkenburg denied having written the comments collected in the syllabus. On appeal,
she argues that the trial court's admission of the annotated exhibit had a prejudicial impact on her
case, because it "probably obliterated the jury's memory" of Bittner's inappropriate behavior. 
This is not the kind of prejudice with which Rule 403 is concerned. We agree that the admission
of the exhibit probably prejudiced Sterkenburg's case, but only to the extent that it cast doubt on
the reliability of her testimony. The admission of Exhibit 47 did not constitute "unfair prejudice"
within the meaning of Rule 403. We therefore overrule Sterkenburg's eighth issue on appeal.


Nominal Damages

 In his cross-appeal, Bittner claims that the trial court erred in refusing to enter
judgment for him for nominal damages and costs. (4) The jury found that Sterkenburg had slandered
Bittner with malice, but found that Bittner suffered no actual damages because of her action.
Bittner claims that a party who is slandered with malice is entitled to nominal damages as a matter
of law. Bittner cites two cases for the proposition that he is entitled to nominal damages. In
Village Medical Center, Ltd. v. Apolzon, 619 S.W.2d 188 (Tex. Civ. App.--Houston [1st Dist.]
1981, no writ), the appellate court affirmed the award of $1.00 in nominal damages against
prospective purchasers of a property who had libeled the sellers of the property to the tenants. 
The court found that the libel was highly inflammatory, but found that the sellers failed to sustain
their burden of proving damages. The court found that nominal damages, however, were
appropriate. The court stated: "Where injury is shown but proof of damages is lacking, the trial
court is justified in awarding a trivial sum of money as nominal damages." Id. at 190. In Trevino
v. Southwestern Bell Telephone Company, 582 S.W.2d 582 (Tex. Civ. App.--Corpus Christi
1979, no writ), the appellate court found that the record supported the plaintiff's claim for nominal
damages, and rendered judgment that it said the trial court should have rendered by ordering the
defendant to pay nominal damages in the amount of $50. See id. at 585.

 While both cases establish that nominal damages are appropriate in some
circumstances, neither stands for the proposition that Bittner asserts, which is that he is entitled
to nominal damages as a matter of law. In Village Medical Center, the appellate court confirmed
that the trial court was justified in granting an award of nominal damages, but in no way suggested
that the trial court was obligated or required to grant an award of nominal damages. In Trevino,
the appellate court found that the trial court's refusal to present an issue to the jury on the question
of whether nominal damages was appropriate was error, and rendered judgment accordingly. In
that case, however, the plaintiff had requested that a nominal damages charge be presented to the
jury, and the trial court refused. There is no indication in the present record to suggest that
Bittner asked for, and was refused, an instruction on nominal damages at trial. Furthermore, we
can find no authority that stands for the proposition that a trial court must render judgment for
nominal damages under any circumstances other than in constitutional due process cases or when
required by statute. We therefore overrule Dr. Bittner's sole issue on appeal.


CONCLUSION


 We conclude that the trial court did not err in dismissing on partial summary
judgment the statutory claim against Dr. Bittner. We further find that the trial court did not abuse
its discretion in its evidentiary rulings and in its refusal to award nominal damages to Dr. Bittner. 
We therefore affirm the take-nothing judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: April 8, 1999

Do Not Publish

1. Sterkenburg contends that Bittner sexually propositioned her on several occasions. Bittner
disputes this interpretation of his actions, claiming that his comments were misunderstood. 
2. There was no evidence at summary judgment or in the record with respect to whether Bittner
had 15 or more employees in any of his business interests. Therefore, it is not a contention that
Bittner meets the definition of "employer" under section 21.002(8)(A) of the Texas Labor Code.
3. Sterkenburg also argues that the admission of this evidence was a violation of Rule 277 of
the Texas Rules of Civil Procedure, which states in relevant part that a "court shall not in its
charge comment directly on the weight of the evidence." Rule 277 governs jury submissions; it
is wholly inapposite to the scenario at bar, which involves the introduction of another judge's
opinion as to the merits of a witness's unrelated sexual harassment case. Moreover, appellant did
not cite this rule as the basis for her objection at trial or in her motion in limine.
4. Sterkenburg argues that appellant should be barred from raising this cross-appeal because
he did not file a notice of appeal pursuant to Rule 26.1(d) of the Texas Rules of Appellate
Procedure, which gives a party 14 days to perfect appeal of any cross-points after another party
files notice of appeal. Judgment in this case was entered on May 14, 1997 and a Motion for New
Trial was filed June 13, 1997. Under the Rules of Appellate Procedure then in effect, Bittner had
until mid-September to file a notice of appeal. On September 1, 1997, the new rules went into
effect, and Bittner's time to perfect appeal had expired under Rule 26.1(d). As appellant
concedes, however, Bittner is entitled to proceed under the old rules pursuant to an order from the
Texas Supreme Court giving final approval to revisions of the new rules, which states that "[i]n
an appeal perfected before September 1, 1997, any cross-appeal may be brought in accordance
with either the rules and law in effect before that date or these amended rules." Final Approval
of Revisions to the Texas Rules of Appellate Procedure, 60 Tex. B.J. 876 (1997).


"font-family: CG Times Regular"> While both cases establish that nominal damages are appropriate in some
circumstances, neither stands for the proposition that Bittner asserts, which is that he is entitled
to nominal damages as a matter of law. In Village Medical Center, the appellate court confirmed
that the trial court was justified in granting an award of nominal damages, but in no way suggested
that the trial court was obligated or required to grant an award of nominal damages. In Trevino,
the appellate court found that the trial court's refusal to present an issue to the jury on the question
of whether nominal damages was appropriate was error, and rendered judgment accordingly. In
that case, however, the plaintiff had requested that a nominal damages charge be presented to the
jury, and the trial court refused. There is no indication in the present record to suggest that
Bittner asked for, and was refused, an instruction on nominal damages at trial. Furthermore, we
can find no authority that stands for the proposition that a trial court must render judgment for
nominal damages under any circumstances other than in constitutional due process cases or when
required by statute. We therefore overrule Dr. Bittner's sole issue on appeal.


CONCLUSION


 We conclude that the trial court did not err in dismissing on partial summary
judgment the statutory claim against Dr. Bittner. We further find that the trial court did not abuse
its discretion in its evidentiary rulings and in its refusal to award nominal damages to Dr. Bittner. 
We therefore affirm the take-nothing judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: April 8, 1999

Do Not Publish

1. Sterkenburg contends that Bittner sexually propositioned her on several occasions. Bittner
disputes this interpretation of his actions, claiming that his comments were misunderstood. 
2. There was no evidence at summary judgment or in the record with respect to whether Bittner
had 15 or more employees in any of his business interests. Therefore, it is not a contention that
Bittner meets the definition of "employer" un