Stuart James MEW et al., Petitioners,

v.

J & C GALLERIES, INC., Respondent.

No. B–7060.

Supreme Court of Texas.

March 29, 1978.

Ross, Griggs & Harrison, James E. Ross and Charles W. Kelly, Houston, for petitioners.

William M. Jones, Dallas, for respondent.

ON MOTION FOR REHEARING OF APPLICATION FOR WRIT OF ERROR

PER CURIAM.

■ In their motion for rehearing, petitioners again complain that there is no evidence to support the trial court's finding of actual cash value. However, we agree with the court of civil appeals that the computer printout containing the purchase prices of the stolen goods does constitute some evidence of their actual cash value. We accordingly overrule the motion for rehearing.

We do not, however, agree with the language in the opinion which implies that this Court, in *Crisp v. Security Nat'l Ins. Co.,* 369 S.W.2d 326 (Tex.1963), abolished any distinction for purposes of valuation between chattels possessed for the purpose of resale and chattels possessed solely for the comfort and well-being of the owner. In *Crisp* the Court stated:

> The law of damages distinguishes between marketable chattels possessed for purposes of sale and chattels possessed for the comfort and well-being of their owner. In the instance of the former it judges their value by the market price. In the instance of the latter it measures their loss, not by their value in a second-hand market, but by the value of their use to the owner who suffers from their deprivation. The latter measure is employed in the case of household furniture, family records, wearing apparel, personal effects, and family portraits.

■ Actual cash value for marketable chattels, for which market value can be determined, is market value. When the market value of such property cannot be determined, or it is inadequate, then resort may be had to other factors to determine actual cash value.