ALLSTATE INSURANCE COMPANY

v.

Helen CHANCE.

No. B–8587.

Supreme Court of Texas.

Nov. 7, 1979.

Gordon R. Pate, Beaumont, for petitioner.

George Michael Jamail, Beaumont, for respondent.

PER CURIAM.

This is a suit on a fire insurance policy, seeking damages for a total loss of a dwelling and the household goods located in it. Mrs. Chance, the plaintiff, sought to prove the value of her household goods by means of a list she prepared, giving the approximate cost and age of each item and where it was purchased. Based upon this material, she sought to testify that it represented the value at the time of loss. She was not allowed to testify to a total of "about $8,000" but the list itself was admitted in evidence. Allstate's adjuster, working from a similar list supplied by Mrs. Chance, arrived at a value of $3,963.41. The jury found the value of the household goods to be $6,000 and the trial court awarded judgment accordingly.

The Court of Civil Appeals (582 S.W.2d 530) held that the testimony and list of Mrs. Chance was not proper or competent evidence of the actual cash value of the items at the time of loss, but that the testimony of Allstate's adjuster properly determined the actual cash value and that there was no evidence contradictory to his testimony.

The Supreme Court wrote in *Crisp v. Security National Insurance Co.,* 369 S.W.2d 326, 329 (Tex.1963):

"* * * The law of damages distinguishes between marketable chattels possessed for purposes of sale and chattels possessed for the comfort and well-being of the owner. In the instance of the former it judges their value by the market price. In the instance of the latter it measures their loss, not by their value in a secondhand market, but by the value of their use to the owner who suffers from their deprivation. The latter measure is employed in the case of household furniture, family records, wearing apparel, personal effects, and family portraits . . .

"The courts have not abandoned the consideration of either market or reproduction or replacement values in arriving at actual value to the insured, but evidence

of those values may be used as a guide in making that determination rather than a shackle which compels strict adherence thereto. The trier of facts may consider original cost and cost of replacement, the opinions upon value given by qualified witnesses, the gainful uses to which the property has been put as well as any other facts reasonably tending to shed light upon the subject . . .

"Where property, such as household goods and wearing apparel, has no recognized market value, the actual value to the owner must be determined without resort to market value."

Also see *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299 (Tex.1963), and *Mew v. J & C Galleries*, 564 S.W.2d 377 (Tex.1978).

Thus, the rule is that where household goods have no recognized market value, the trier of fact may consider, in determining the actual value to the owner at time of loss, the original cost, cost of replacement, opinions of qualified witnesses, including the owner, the use to which the property was put, as well as any other reasonably relevant facts.

The Court of Civil Appeals erred in holding that the testimony of Mrs. Chance was not competent evidence on the value of household possessions at time of trial. This holding is contrary to the Supreme Court's holding in *Crisp*. The Court correctly held that Mrs. Chance is not entitled to attorneys' fees in this case under Article 3.62 of the Texas Insurance Code.

Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant both applications for writ of error and, without hearing oral argument, we reverse the judgment of the court of civil appeals and we render judgment that Helen Chance recover $6,000 from Allstate Insurance Company for personal property and $20,000 for total loss of the insured premises, plus nine per cent (9%) per annum. on the $20,000, calculated from May 19, 1976, and nine per cent (9%) per annum on the $6,000 calculated from August 3, 1978, until the date this judgment is paid. All costs of this suit shall be taxed against Allstate Insurance Company.