Wyley LOW, Appellant,

v.

GULF STATES UTILITIES
COMPANY, Appellee.

No. 09–99–509 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 17, 2000.

Decided Sept. 21, 2000.

Rehearing Overruled Oct. 19, 2000.

Jimmy W. Nettles, Beaumont, for appellant.

Gerald R. Flatten, Rienstra, Dowell & Flatten, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

This appeal arises from a suit filed by Wyley Low against Gulf States Utilities (GSU) alleging various claims all stemming from termination of electrical services. GSU pursued a counter-claim based upon fraud. Following a jury trial, the trial court entered a judgment from which Low appeals on six points of error. GSU raises two cross-points on appeal.

Low complains, in essence, the trial court erred in failing to enter a judgment in accordance with the jury's verdict. GSU contends there is no evidence to support the jury's award of damages for mental anguish and for spoilation of food. We first address GSU's cross-points because if they are sustained judgment would be rendered in GSU's favor.

In their first cross-point, GSU claims there is no evidence to support the jury's award for mental anguish. We disagree.

Dr. Curtis Wills diagnosed Low as depressed. Dr. Wills said the depression "was long onset, but, however, obviously exacerbated by some recent experience." According to Dr. Wills, the problem with GSU "was very traumatic" to Low and

"exacerbated the problem." Dr. Wills testified that in Low's mind he was dependent upon electricity, that Low did not have a lot of coping skills and the options were very limited in his mind. Dr. Wills said it was apparent to him that Low's economic opportunities were almost nonexistent, thus his options were almost nonexistent. Dr. Wills testified "the actions in this particular case that are before this jury disturbed Low greatly." According to Dr. Wills, Low has difficulty expressing himself and "connecting all those components to the process," in understanding that he initiated the suit that was causing him such discomfort. Dr. Wills said the process has resulted in Low feeling bad about himself. Dr. Wills said Low's ability to cope with stress was "very, very limited." Dr. Wills testified Low's painting and drawing were ways of coping and "[t]here is nothing trivial about it." Dr. Wills testified that because of this trauma, Low now has health concerns for which he receives treatment in Galveston, lives alone, and wonders everyday whether he will have electrical power.

Low testified that because the electricity was off, he missed watching the Easter plays about Christ and religious programs. He said that made him "feel bad, real bad." Low said it bothered him to be unable to paint or sketch. Low testified, "It's worse than I [felt] when I had my electricity cut off the first time. I know this is going to continue going and going. There is no stop to it. It's like a runaway train." According to Low, he was still afraid of GSU, "[m]ore afraid than them now because they are a big corporation." When asked about the last six and a half years since GSU decided to sue him to cut off his electricity Low said, "It never did stop bothering me." Low testified he no longer goes to the utility company to pay his bill because he is afraid of them, he pays the bill at Kroger's pay station instead.

In reviewing the evidence under a no-evidence point, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *See Harbin v. Seale,* 461 S.W.2d 591, 592 (Tex.1970); *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194, 199 (1952); *see also Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 24 (Tex.1994) ("The evidence presented, viewed in the light most favorable to the prevailing party, must be such as to permit the logical inference [that the jury must reach]."). "In evaluating legal sufficiency, we are required to determine whether the proffered evidence as a whole rises to the level that would enable reasonable and fair-minded people to differ in their conclusions." *Moriel,* 879 S.W.2d at 25. *Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 285–86 (Tex. 1998). GSU did not put on a defense. Thus the only evidence before this court is the testimony of Dr. Wills and Low.

■ "Any party seeking recovery for mental anguish … must prove more than 'mere worry, anxiety, vexation, embarrassment, or anger.' *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex.1995). However, proof of a physical manifestation of the emotional distress is not required. *Krishnan v. Sepulveda,* 916 S.W.2d 478, 482 (Tex.1995)." *Stokes v. Puckett,* 972 S.W.2d 921, 924 (Tex.App.—Beaumont 1998, writ denied). Considering the evidence in the light most favorable to the jury's verdict, we hold it rises to the level that would enable reasonable and fair-minded people to differ in their conclusions. GSU's cross-point of error one is overruled.

■ In their second cross-point, GSU argues there is no evidence to support the

jury's award of $100 for spoilation of food. Low testified to the following contents of his refrigerator when the electricity was turned off: six turkeys, milk, a dozen eggs, a pound of bacon, ten or twenty cans of biscuits, butter, a couple loaves of bread, preserves, vegetables, fruit, and bottles of soda pop. According to Low, he had so much food because he was going to fix food for the needy and elderly on Easter.

GSU relies upon *Thomas v. Oldham*, 895 S.W.2d 352, 359 (Tex.1995), for its argument that there is no evidence supporting the jury's award because Low failed to prove the difference in market value of his damaged property before and after the injury. In *Thomas* the court noted, "[t]he standard for measuring damage to personal property is the difference in its market value immediately before and immediately after the injury, at the place where the damage occurred." *Id.* For that proposition, the *Thomas* court cited *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127, 128 (1950). In *Pasadena State Bank*, the court stated the general rule above and then noted, "[d]ifferent factual situations, however, sometimes require a somewhat different yardstick to measure damages than the one just set out. For instance, a chattel might be totally destroyed; also, it is conceivable that the personal property destroyed might not have a market value." *Id.* The instant case is just such a "different factual situation."

 "The burden is on the plaintiff to establish its damages with reasonable certainty to enable a jury to compute them." *Oryx Energy Co. v. Shelton*, 942 S.W.2d 637, 642 (Tex.App.—Tyler 1996, no writ) (citing *Simpson v. Phillips Pipe Line Co.*, 603 S.W.2d 307, 309–10 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.)). The general rule is that where the facts are undisputed that an injury occurred, some

damages, if proved, must be awarded by the jury. *See Tarver v. County of Jasper*, 927 S.W.2d 795, 798 (Tex.App.—Beaumont 1996, no writ). The amount of damages awarded is normally left to the discretion of the jury, but the jury cannot arbitrarily fix an amount of damages which is neither fair nor just. *Id.*

GSU did not dispute the contents of the refrigerator as testified to by Low nor did they contest that the contents spoiled. The value of the food before it spoiled, and its value, if any, after it spoiled, is certainly something that any juror could determine from his or her own experience and knowledge. The amount arrived at by the jury (GSU does not complain it is excessive) is not unfair or unjust. GSU's second cross-point is overruled.

Having found the evidence legally sufficient to support the jury's award of damages for mental anguish and spoilation of food, we turn to Low's complaints on appeal. The jury made two findings of liability, they found GSU engaged in an unconscionable action or course of action and found GSU negligent, attributing negligence to GSU at sixty percent and to Low at forty percent. The jury then awarded Low $100 for past spoilage of food, $5,000 for past psychological treatment, and $20,000 for past mental anguish and emotional distress. Further, the jury awarded Low $150,000 in attorney fees.

In its judgment, the trial court found "the verdict of the jury for the Plaintiff and against the Defendant is supported by the evidence *in all respects* except the award of the jury in response to QUESTION NO. 10 Subquestion 2." (Emphasis added.) That award was for past psychological treatment; it was not part of the trial court's judgment and is not contested on appeal by Low.

The trial court's judgment awards Low only $12,100 in damages, plus pre-judgment and post-judgment interest. The judgment does not award Low any attorney fees and orders the parties to bear all their own costs. Based upon the jury's verdict, which the trial court upheld with the sole exception noted above,[1] the judgment fails to grant Low the relief awarded. We consider each of his points in turn.

Point of error one contends the judgment should reflect no relief is to be recovered by GSU on its counter-claim because the jury found Low committed no fraud against GSU. The judgment does not grant any relief to GSU. Point of error one is without merit.

■ In his second point of error Low claims he should recover his costs as a matter of law because he prevailed in the jury trial. We agree.

GSU contends that while Low prevailed against it, Entergy was the prevailing party against Low. The judgment appealed from is the result of a jury trial in which Low prevailed and GSU did not. GSU provides this court with no authority wherein, for purposes of assessing costs, we should consider the outcome of ancillary proceedings involving another party in determining the "winner" of the trial.

Rule 131 provides that the successful party to a suit recover costs from the adverse party. *See* Tex.R.Civ.P. 131. "The court may, for good cause, to be stated on the record, adjudge the costs otherwise." *See* Tex.R.Civ.P. 141. However, the trial court declined to state its reasons for assessing costs contrary to the rule. *See Howell Crude Oil Co. v. Donna Refinery Partners, Ltd.*, 928 S.W.2d 100, 112 (Tex.App.—Houston [14th Dist.] 1996,

writ denied). In the absence of any explanation for its actions, the trial court abused its discretion in assessing costs against Low. *See Newsome v. Charter Bank Colonial*, 940 S.W.2d 157, 168–69 (Tex.App.—Houston [14th Dist.] 1996, writ denied). Thus, the trial court's judgment should be modified to award all costs to Low. Point of error two is sustained.

■ Point of error three argues all of the jury's award for mental anguish should have been recovered because contributory negligence does not apply to a 1992 DTPA claim. This is correct. *See* Act of June 14, 1989, 71st Leg., R.S., ch. 380, § 2, 1989 Tex.Gen.Laws 1491 (amended 1995) (current version at Tex.Bus. & Comm.Code Ann. § 17.50 (Vernon Pamp.2000)). The jury found GSU engaged in unconscionable conduct and under the DTPA finding, Low would be entitled to the greater recovery of $20,000, plus "two times that portion of the actual damages that does not exceed $1,000." *Id.*

GSU argues Low's damages are not recoverable under the DTPA absent a finding that the act was violated knowingly. "Pursuant to Rule 279, when there is an omitted finding, that finding is deemed in support of the judgment if the opposing party does not object to its omission and there is factually sufficient evidence to support the omitted finding." *Hawthorne v. Guenther*, 917 S.W.2d 924, 936 (Tex. App.—Beaumont 1996, writ denied). The record does not reflect GSU made any requests for or objections to the jury charge. GSU does not argue the evidence is factually insufficient to support a finding of knowing, only that it was not made. We have reviewed the record and find it is not against the great weight and preponder-

---

1. The record reflects the trial court did not grant GSU's motion for judgment notwithstanding the verdict. Rather, the trial court's finding that the jury's verdict is supported by the evidence is an implied denial of that motion.

ance of the evidence for the jury to find GSU's actions were willful. *See Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 117 (Tex.1984) ("Mental anguish damages are recoverable when there is proof of a willful tort, willful and wanton disregard, or gross negligence."). Point of error three is sustained and we reform the judgment to award Low $22,000 for mental anguish.

■■■ Low's fourth point asserts he is entitled to recover the undisputed attorney's fees found by the jury. GSU contends Low is not entitled to attorney's fees because he failed to establish any damages recoverable under the DTPA. We have already found otherwise, therefore, Low was entitled to reasonable attorney's fees. *See* Tex.Bus. & Comm.Code Ann. § 17.50(d) (Vernon Pamp.2000).

GSU alternatively argues Low is only entitled to attorney's fees in the amount of $35,000, as reduced by the trial court. GSU claims "this Court must find that the Trial Court acted arbitrarily and capriciously in its reduction before it can set the reduction aside." However, the record contains no such "reduction." [2] The judgment failed to award any attorney's fees, contrary to the jury's verdict. While GSU did raise the excessiveness of the attorney's fees in their motion for JNOV, they do not appeal the trial court's failure to grant that motion on cross-appeal. Point of error four is sustained and the judgment reformed to reinstate the jury's award of $150,000 in attorney's fees.

Low's fifth point of error contends he is entitled to recover nominal damages for spoilage of food caused by the wrongful termination of his electric service. The record reflects the jury awarded Low $100 for spoilage of food and the judgment includes that award. Thus Low's point of error is moot.

In his final point, Low claims he is entitled to recover proper pre-judgment, equitable and post-judgment interest on all his damages. Because we have reformed the judgment to award $22,100 in actual damages, the amount of pre-judgment interest awarded by the trial court is incorrect. Low is entitled to simple interest at the rate of ten percent per annum from April 6, 1992 to June 5, 1995. *See Sample v. Freeman*, 873 S.W.2d 470 (Tex.App.— Beaumont 1994, writ denied); Tex.Fin. Code Ann. § 304.105 (Vernon 1998). We calculate that to be a total of $6,998.34 in pre-judgment interest.

■■■ Low further contends the trial court should award, in equity, pre-judgment interest from October 1998, when the jury reached its verdict, to November 1999, when the trial court finally entered judgment. Although a review of the record does not enlighten this court as to the cause of the delay, the briefs of both parties indicate some negotiations were ongoing. The record does not reflect any request for entry of judgment in the interim between then and the actual entry of judgment. We find Low has not satisfied his burden to establish the trial court abused its discretion in denying an award of pre-judgment interest from October 1998 to November 1999. *See* Tex.Fin.Code Ann. § 304.108 (Vernon 1998). That portion of point six is overruled.

■■■ Low also argues post-judgment interest should run from the date of the jury's verdict, and not the date judgment was actually entered. Low provides this court with no authority for that proposition. We award post-judgment interest in accordance with Tex.Fin.Code Ann.

---

**2.** GSU refers this court to a "letter." Correspondence from the trial court does not constitute an appealable order or ruling properly before this court.

§ 304.005 (Vernon 1998). Low is entitled to interest on the entire judgment at a rate of ten percent per annum from the day the judgment was rendered, ending the day the judgment is satisfied, to be compounded annually. *See* TEX.FIN.CODE ANN. § 304.006 (Vernon 1998).

In summary, the judgment of the trial court is reformed to award Low $22,100 in actual damages, $150,000 in attorney's fees, $6,998.34 in pre-judgment interest, and costs. In all other respects the judgment is affirmed.

The judgment of the trial court is AFFIRMED AS REFORMED.