GULF STATES UTILITIES
COMPANY, Petitioner,

v.

Wyley LOW, Respondent.

No. 00–1249.

Supreme Court of Texas.

May 30, 2002.

Gerald R. Flatten, Rienstra Dowell & Flatten, Beaumont, for Petitioner.

Jimmy W. Nettles, Beaumont, for Respondent.

Justice JEFFERSON delivered the opinion of the Court, in which Justice HECHT, Justice ENOCH, Justice OWEN, and Justice BAKER joined.

The principal issue in this case is whether an appellate court may modify a trial court's judgment by deeming a finding on an issue not submitted to the jury. The trial court rendered judgment that Wyley Low recover $12,100 plus pre-judgment interest from Gulf States Utilities (GSU) for damages Low incurred when GSU terminated his residential electrical service. Relying on Texas Rule of Civil Procedure 279, the court of appeals deemed a finding to support a DTPA recovery, and rendered a judgment for $22,100 as actual damages, and more than $150,000 for attorney's fees. Because Rule 279 permits a finding to be deemed only "in such manner as to support the judgment" of the trial court, we reverse in part the judgment of the court of appeals. TEX.R. CIV. P. 279. We conclude that the verdict and evidence will not permit a recovery for DTPA damages. Accordingly, we render judgment for Low in the amount of $12,000.

GSU terminated Low's residential electric service after a dispute over unpaid account balances. Low sued GSU for an injunction and damages related to GSU's terminating his service. GSU counterclaimed for fraud. The trial court severed out a number of claims, and the case went

to trial on Low's claims of negligence, deceptive trade practices, and wrongful termination of services, and GSU's fraud claim. A jury found: (1) both GSU's and Low's negligence proximately caused the occurrence; (2) GSU was sixty-percent responsible and Low was forty-percent responsible; and (3) GSU engaged in an unconscionable action or course of action that was a producing cause of Low's damages.

The jury found Low's damages to be $100 for spoiled food, $5,000 for past psychological treatment, and $20,000 for past mental anguish. It also determined that $150,000 was a reasonable fee for Low's legal costs. GSU moved for judgment notwithstanding the verdict, challenging the evidence of food spoilage, psychological treatment, and damages compensable under the DTPA. Low responded to the motion and prayed for judgment. After unsuccessful court-ordered mediation, Low again moved for judgment, requesting that the district court disregard the findings concerning Low's negligence and, without specifying a theory of recovery, requested that the court render judgment based upon the remainder of the jury's verdict.

In a letter to the parties, the trial court overruled Low's motions, concluding that there was evidence to support the findings concerning Low's negligence. The court granted GSU's motion to disregard the finding of past psychological damages but otherwise denied GSU's motion for judgment notwithstanding the verdict. The letter stated that it was unnecessary for the court to decide if a recovery for mental anguish under the DTPA requires a "knowing" finding, because mental anguish damages could be based on the common-law negligence findings. The letter ordered a remittitur and reduction of attorney fees to $35,000, and directed the parties to prepare a judgment accordingly.

The judgment the trial court rendered, however, differed significantly from its letter ruling. The judgment ordered that Low recover $12,100 and prejudgment interest and that the parties bear their own costs. The judgment is silent about theories of recovery or defense and does not mention attorney's fees.

After reconsolidating some of the previously severed claims, the trial court rendered a final judgment. The court permanently enjoined GSU from disconnecting electrical service to Low's residence and denied all other relief except as provided in the August 4, 1999 judgment.

GSU and Low each appealed the court's judgment with respect to damages. Neither party challenged the permanent injunction. The court of appeals modified the trial court's judgment by increasing Low's award from $12,100 to more than $179,000. The court held that Low was entitled to recover DTPA damages based on a "deemed finding" that GSU *knowingly* engaged in unconscionable conduct. Because the court of appeals concluded that judgment could be rendered under the DTPA, it did not reduce Low's recovery by his comparative responsibility and it added attorney's fees to the total award. 75 S.W.3d 449.

GSU petitioned this Court for review, contending that the court of appeals erred in: (1) holding that a deemed finding of knowing conduct under Rule 279 supports a mental anguish damage award under the pre–1995 DTPA; (2) allowing recovery for spoiled-food damages when Low presented no evidence about the food's market value after it spoiled; and (3) awarding Low $150,000 in attorney's fees based on a DTPA judgment. GSU prays that we reinstate the trial court's judgment except for the food-spoilage damages.

Low argues that the court of appeals was correct in reforming the judgment to award him all of the mental-anguish damages the jury found, because the jury found that GSU's conduct was unconscionable under his DTPA cause of action. Low concedes that a finding of knowing conduct is a necessary predicate to recover mental-anguish damages. *Latham v. Castillo*, 972 S.W.2d 66, 69 (Tex.1998); *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 436 (Tex.1995); *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 117 (Tex.1984). Although the jury was not asked if any unconscionable conduct was committed knowingly, Low asserts that a knowing finding should be deemed under Rule 279.

Rule 279 provides the circumstances permitting a deemed finding:

> ... When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment....

Tex.R. Civ. P. 279. The court of appeals concluded that the jury's finding of unconscionable conduct was necessarily referable to a DTPA-based mental anguish recovery. The court further held that it would deem a "knowing" finding necessary to such a recovery because GSU did not object to the question's omission from the charge. 75 S.W.3d 449, 453.

■ We disagree. Rule 279 may support a deemed finding only when it can be deemed found "in such manner as to support the judgment." Tex.R. Civ. P. 279. Here, the trial court's judgment was for $12,100 based on the jury findings. The court of appeals misapplied Rule 279 to deem a finding, not to support the trial court's judgment, but to render a new judgment for actual damages in an amount nearly fifteen times the trial court's award. *See Logan v. Mullis*, 686 S.W.2d 605, 609 (Tex.1985) (holding that court of appeals erred by deeming a finding in support of the verdict instead of the trial court's final judgment).

Because the court of appeals erred in relying on Rule 279 to render its judgment, we must determine the judgment that the court of appeals should have rendered. Tex.R.App. P. 60.2(c). We do so considering not only GSU's petition for review, but also the parties' briefs to the court of appeals. *McKelvy v. Barber*, 381 S.W.2d 59, 64 (Tex.1964). Both Low and GSU have consistently argued entitlement to judgment based on their respective interpretations of the legal theory underlying the trial court's judgment. Low argues that judgment should be rendered for him under the DTPA, entitling him to the full measure of DTPA damages available under the verdict. GSU contends that a court could not render a DTPA judgment, but could only render a judgment based on the negligence findings. GSU notes that the trial court's judgment has some aspects of a negligence-based judgment, such as the award of actual damages in an amount corresponding to the jury's percentage responsibility finding and the failure to award attorney's fees. Low asserts

that the judgment is inconsistent with negligence because the judgment did not reduce the food spoilage damage award by Low's percentage responsibility. Both Low and GSU cite the trial court's letter ruling as evidence of the judgment the trial court intended to render.

The trial court's judgment does not adjudicate theories of recovery or defense by name. It merely awards Low a recovery of $12,100 as actual damages plus interest and costs. We would expect that a negligence recovery based on damage findings of $20,000 and $100, reduced by the proportionate responsibility findings, would produce a judgment for actual damages of $12,060. Assuming that was his intent, the court here may have failed to reduce the $100 damage finding through oversight, or concluded as a matter of law that the nominal recovery need not be reduced. If the trial judge based judgment on the DTPA findings, it erroneously reduced the recovery by the proportionate responsibility findings and omitted attorney's fees. The court's post-verdict letter ruling does not illuminate the question because it was interlocutory and its terms were never incorporated in the final judgment.

We reject the parties' respective arguments that the record establishes the trial court intended to render a different judgment. Before we address the parties' remaining legal issues, however, we consider the dissenting opinion's contention that we must remand the case on our own motion to allow the trial court to clarify its theory of judgment. Such an unusual disposition would be on our own motion because neither party has ever requested it. Low has never sought a remand for any reason. GSU's only remand issue concerns the amount of attorney's fees, as an alternative to its rendition arguments.

The dissent contends that Rule 279 requires a remand. But the text of Rule 279 does not support the dissent's position. The rule provides for deemed findings "in support of the judgment," not the "theory of judgment" or an "error-free judgment." Rule 279 does not suggest that a remand to clarify the trial court's reasoning would ever be proper. To the contrary, the rule provides a number of presumptions that are designed to avoid remands resulting from omissions to the charge. The presumption an appellate court applies depends on the diligence of the parties at the charge and post-verdict stages. First, a party waives an entire theory of recovery or defense by not objecting to its omission from the charge. TEX.R. CIV. P. 279. When an incomplete theory is submitted without complaint, the parties are deemed to have waived a jury trial on the omitted issue and to have agreed to submit the issue to the trial court. *See, e.g., Shearson Lehman Hutton, Inc. v. Tucker*, 806 S.W.2d 914, 925 (Tex.App.-Corpus Christi 1991, writ dism'd w.o.j.); *Wilson v. Remmel Cattle Co.*, 542 S.W.2d 938, 942 (Tex.App.-Amarillo 1976, writ ref'd n.r.e.); *see also Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949)(holding that petitioner who did not object to improperly conditioned submission waived right to a jury answer on the unanswered issue, and the issue must be deemed as having been answered by the court in such manner as to support the judgment). The rule provides that, at a party's request, the trial judge may make written findings on the omitted element. TEX.R. CIV. P. 279. But if the trial court does not make such written findings, "such omitted element or elements shall be deemed found by the court in such manner as to support the judgment." *Id.* When, as here, a party does nothing to secure a fact finding at the trial court level, Rule 279 provides for deemed findings only as a basis for affirming the

trial court's judgment. When that is the case, the rule provides no basis to reverse for an omitted finding, much less remand.

■ Rather than remanding to the trial court to obtain the judge's thought processes, we will determine the judgment that can be rendered from the pleadings, evidence, and verdict. And as Low was the prevailing party, we will utilize the findings that afford him the greatest recovery. *Birchfield v. Texarkana Mem'l Hosp.,* 747 S.W.2d 361, 367 (Tex.1987). We first determine if, as Low has consistently argued, he is entitled to a DTPA judgment. GSU challenges any DTPA recovery for the want of compensable damages. The jury found actual damages for mental anguish, past psychological treatment, and food spoilage. Low did not complain to the court of appeals about the trial court's failure to award damages for past psychological treatment, and he does not seek them here. We have determined that DTPA mental anguish damages require a knowing finding, and Low does not contend otherwise. Because Low did not secure a knowing finding and one may not be deemed as a matter of law, Low may not recover mental anguish damages under the DTPA.

■ Consequently, we must determine from the record if the remaining damages element the jury found, food spoilage, is recoverable as DTPA damages. GSU contends that the evidence to support the food spoilage finding is legally insufficient because Low did not prove the food's value. GSU argues that such evidence should be the general measure of damages to personal property, which is the difference in market value immediately before and immediately after the injury, at the place where the damage occurred. *Thomas v. Oldham,* 895 S.W.2d 352, 359 (Tex.1995). Low maintains that his testimony about the refrigerator's contents before his electricity

was terminated is some evidence to support recovery. Low argues that the jury could rely on its own experience to decide the property's value based on this testimony and the jury's own life experiences.

■ We have found no direct authority on measuring the value of food purchased for personal consumption. But for household goods having no recognized market value, we have held the measure of damages is the value to the owner:

> [T]he trier of fact may consider, in determining the actual value to the owner at time of loss, the original cost, cost of replacement, opinions of qualified witnesses, including the owner, the use to which the property was put, as well as any other reasonably relevant facts.

*Allstate Ins. Co. v. Chance,* 590 S.W.2d 703, 704 (Tex.1979). It is well settled that a property owner may opine about the property's value. *Porras v. Craig,* 675 S.W.2d 503, 504 (Tex.1984).

■ In some situations, replacement value does not properly measure damages because it may represent an economic gain to the plaintiff. *Crisp v. Sec. Nat'l Ins. Co.,* 369 S.W.2d 326, 328 (Tex.1963); *Pasadena State Bank v. Isaac,* 149 Tex. 47, 228 S.W.2d 127, 128 (1950). This may be true for household goods, clothing, and personal effects. *Crisp,* 369 S.W.2d at 328. The measure of damages for the destruction of such items is the "actual worth or value of the articles to the owner for use in the condition in which they were at the time of [the injury] excluding any fanciful or sentimental considerations." *Id.* In determining damages, the jury has discretion to award damages within the range of evidence presented at trial. *Price Pfister, Inc. v. Moore & Kimmey, Inc.,* 48 S.W.3d 341, 352 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

Low knows the circumstances under which he purchased the items, and he is in the best position to estimate the actual worth or value he places on those items. However, Low offered no evidence whatsoever of the property's monetary value. Consequently, he offered no evidence to furnish a range within which a jury could exercise its discretion to award damages in the first place. Without some evidence of the value he places on the items, the evidence is legally insufficient to support the trial court's award as actual damages.

We reject Low's argument, and that of the dissenting opinion, that we should allow the finding to stand without evidence, and let the jury decide the issue based on its own experience. To allow a recovery to stand without evidence of a measure of damages would risk an over-recovery or an under-recovery by a factor that would be intolerable if the verdict were not for a relatively small amount. The law provides for the recovery of minimal damages without the necessity of proof, but only for those actions in which nominal damages are available.

■ Low contends he is entitled to recover $100 as "nominal damages" for food spoilage even if there is no evidence of the property's value, citing *Trevino v. Southwestern Bell Tel. Co.*, 582 S.W.2d 582 (Tex. Civ.App.-Corpus Christi 1979, no writ), in which the court of appeals awarded nominal damages for invasion of privacy. But *Trevino* does not support recovery of nominal damages in this case. First of all, the DTPA expressly provides for the recovery of "actual damages," but not nominal damages. TEX. BUS. & COM.CODE § 17.50(b). Consequently, nominal damages are not available under the DTPA. *St. Paul Surplus Lines Ins. Co. v. Dal–Worth Tank Co.*, 974 S.W.2d 51, 53 (Tex.1998). Moreover, this case is not like *Trevino* in which the plaintiff could recover the nominal

damages for which he pled because there was "an invasion that produced no actual loss." 582 S.W.2d at 584. Rather, Low suffered an actual loss—spoiled food—but he did not offer any evidence to meet his burden to prove the food's value to him. Moreover, Low does not contend that he could not prove the food's value or that the food had no value. Because Low admittedly suffered actual damages but did not prove the amount the jury awarded, he cannot recover the $100 as nominal damages.

We next consider whether the court of appeals erred in reinstating the jury's $150,000 attorney's fees award under the DTPA. GSU argues that Low has not obtained findings that would authorize attorney's fees under the DTPA. We agree.

■ A party may recover attorney's fees only if provided for by statute or by contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). The DTPA provides for recovery of attorney's fees, but Low did not obtain findings justifying an attorney's fees recovery. As we have stated, Low is not entitled to recover mental-anguish damages under the DTPA, nor did he present evidence to support any other recovery of DTPA actual damages. Without an actual-damages recovery, a party is not entitled to an attorney's fees recovery. *See Southwestern Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 55–56 (Tex.1998)(plaintiff who receives nominal or zero damages is not entitled to attorney's fees).

■ Finally, having concluded that judgment may not be rendered under the DTPA, we turn to Low's alternative theories of recovery. GSU does not challenge mental-anguish damages as a negligence recovery, properly reduced by the comparative responsibility findings. We have

determined that the evidence does not support the jury's food-spoilage finding. Consequently, we conclude that Low should recover actual damages of $12,000. No statute provides for the recovery of attorney fees in a negligence action. Consequently, Low may not recover the attorney's fees award. *See Dallas Cent. Appraisal Dist.*, 835 S.W.2d at 77; *New Amsterdam Cas. Co. v. Texas Indus., Inc.*, 414 S.W.2d 914, 915 (Tex.1967).

Without hearing oral argument, the Court: (1) reverses in part the court of appeals' judgment with respect to the award of damages; (2) renders judgment awarding Low $12,000 in actual damages; and (3) renders judgment that Low take nothing on his attorney's-fees claim. TEX. R.APP. P. 59.1.

Justice HANKINSON filed a dissenting opinion, in which Chief Justice PHILLIPS, Justice O'NEILL, and Justice RODRIGUEZ joined.

I do not understand the Court's opinion. To give just two examples of the Court's analysis I find confusing: First, the Court states that a DTPA "knowingly" finding may not be deemed in this case because that deemed finding would not be in support of the judgment. 79 S.W.3d at 564. But that statement begs the question of what the judgment is, because whether an issue can be deemed found in support of a judgment depends on what the judgment says. The conclusion that a deemed knowingly finding is improper in this case is premised on the flawed presumption that the trial court rendered a negligence judgment. Second, the Court holds that Low's testimony about the contents of his refrigerator is legally insufficient evidence to support a recovery of $100 actual damages because he did not testify to the "actual worth" or "monetary value" of the spoiled food. 79 S.W.3d at 566. To say that

Low's testimony fails because a jury could not value several common grocery items cannot be correct. While we may be offended by the court of appeals' decision to award $150,000 in attorney's fees when the trial court awarded only $12,000 in actual damages and clearly indicated the requested fees were excessive, the Court need not abandon legal analysis to correct the court of appeals' error. In my view, we can resolve this matter within the confines of existing procedure and established law. Accordingly, I respectfully dissent.

The Court's analysis of Texas Rule of Civil Procedure 279 begins in the wrong place. Certainly a court may not use rule 279 to deem a finding contrary to a judgment, but here we do not know exactly what judgment was rendered. The Court ignores the patent ambiguity of the trial court's judgment, which contains components of both a DTPA recovery and a negligence recovery, and then strains to create its own negligence judgment when the trial court's judgment was not clearly one or the other. Because we do not know what judgment the trial court rendered, we cannot decide, and the court of appeals should not have decided, whether a deemed finding in support of Low's DTPA claim was appropriate.

Low pleaded and submitted evidence on two theories of recovery: DTPA violation and common-law negligence. *Cf. Cambridge Mut. Fire Ins. Co. v. Newton*, 638 S.W.2d 75, 80–81 (Tex.App.-Dallas 1982, writ ref'd n.r.e.) (applying rule 279 to deem omitted issue in support of a judgment when only one ground of recovery was alleged in the petition and submitted to the jury). The trial court here determined that the evidence supported the jury's verdict, except the jury's award for past psychological treatment. Yet, the trial court's judgment does not clearly identify the ba-

sis for Low's recovery. On one hand, the trial court awarded mental-anguish damages but reduced them by Low's percentage of responsibility, which suggests a negligence judgment. On the other hand, Low recovered actual damages in full, not reduced by his percentage of responsibility, for his spoiled food, which suggests the judgment was for a DTPA violation—not negligence. To complicate matters, the trial court did not award attorney's fees in its judgment, even though it stated in a letter to the parties that it intended to award Low attorney's fees, but in an amount less than he requested. However, even if the trial court intended to award a negligence judgment but simply neglected to reduce the spoiled-food damages by Low's percentage of responsibility, we cannot reach that conclusion based on the record before us.

Because the trial court determined that evidence existed to support all findings except with respect to past psychological treatment, Low could have recovered damages based on either his DTPA or negligence claim. Texas law prohibits a plaintiff obtaining more than one recovery for the same injury; therefore a plaintiff must elect his or her remedy. *Gunn Infiniti, Inc., v. O'Byrne*, 996 S.W.2d 854, 862 (Tex. 1999); *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex.1998). If the plaintiff does not choose a remedy, the trial court should render the judgment offering the greatest recovery. *Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 367 (Tex.1987). Because the jury found that GSU had acted negligently and unconscionably with respect to the same injuries, Low should have chosen his remedy. Low in fact moved for a corrected judgment to award him DTPA damages. But even if he had not done so, the trial court should have rendered judgment on the theory that provided the more favorable judgment. And we do not know what the more favorable judgment would be until the trial court determines the appropriate amount of actual damages under either theory.

Under either a DTPA or negligence judgment, however, Low should receive actual damages for his spoiled food. (Of course, if the court renders a negligence judgment, the court must reduce the damages award by the percentage of responsibility the jury attributed to Low. *See* TEX. CIV. PRAC. & REM.CODE § 33.012(a).) When a plaintiff suffers damage to personal property as a result of an injury, the plaintiff may recover for that loss. *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127, 128 (1950). That loss is measured by the diminution in market value of the property before and after the injury, as determined at the place of injury. *Id.*; *Rosenfield v. White*, 267 S.W.2d 596, 599 (Tex.Civ.App.-Dallas 1954, writ ref'd n.r.e.). When market value does not exist, replacement value is the means of assessing damages. *Rosenfield*, 267 S.W.2d at 599. In some situations, replacement value does not properly measure damages because it may represent an economic gain to the plaintiff. *Crisp v. Security Nat'l Ins. Co.*, 369 S.W.2d 326, 328 (Tex.1963); *see Pasadena State Bank*, 228 S.W.2d at 128. This may be true for household goods, clothing, and personal effects. *Crisp*, 369 S.W.2d at 328. The measure of damages for the destruction of such items is the "actual worth or value of the articles to the owner for use in the condition in which they were at the time of the [injury] excluding any fanciful or sentimental considerations." *Id.* In determining damages, the jury has discretion to award damages within the range of evidence presented at trial. *Price Pfister, Inc. v. Moore & Kimmey, Inc.*, 48 S.W.3d 341, 352 (Tex. App–Houston [14th Dist.] 2001, pet. denied).

Food, especially spoiled food, does not rationally fall within the class of goods that require testimony of the "actual value to the owner." Certainly this measure of damages makes sense for items like household goods and apparel. But unlike the value of personal property that may include such considerations as obsolescence, economic gain to the plaintiff, and even sentiment, food has such a basic quality and commonplace identity that a jury could, from its own experience and knowledge, assess its worth without the owner's own testimony regarding its specific value.

Juries may draw from their common knowledge and experiences when resolving fact questions. For example, in some circumstances when parties offer expert opinion testimony, a jury is not necessarily bound by that evidence and "can form its own opinion from other evidence and by use of its own experience and common knowledge." *Colorado Interstate Gas Co. v. Hunt Energy Corp.*, 47 S.W.3d 1, 14–15 (Tex.App.-Amarillo 2000, pet. denied) (holding that jury could have relied upon other evidence besides plaintiff's expert witness testimony that would have supported its verdict); *see K–Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex.2000) (holding that expert testimony should be excluded when jury is equally competent to form an opinion about ultimate fact issue or expert's testimony is within jury's common knowledge). Because Low did not testify to the food's value but instead listed those food items that spoiled in his refrigerator, the Court assumes that a jury could not determine damages. Surely this cannot be true. Simply because Low failed to incant a specific monetary amount after describing in detail what he lost does not mean that his testimony is no evidence of his loss, or that the jurors were incapable of assessing damages based upon that testimony and their own experience and common knowledge. The Court's insis-

tence that the jury is incapable or unqualified to evaluate Low's testimony without a recitation of the price of a dozen eggs and a pound of bacon needlessly elevates form over substance.

Part of determining which theory should be the basis for the judgment requires evaluating the amount of attorney's fees, if any, Low would be entitled to under the DTPA. *See* Tex. Bus. & Com.Code § 17.50(d). Although GSU argued to the trial court that the $150,000 jury award was excessive, the trial court did not include any attorney's fees in its final judgment. Yet the trial court indicated in a letter that it intended to award Low attorney's fees but in the amount of $35,000, based on the procedural history and complexity of the issues. Under these circumstances, in which we cannot tell precisely what judgment was rendered, we cannot conclude, as did the court of appeals, that GSU waived its complaint concerning excessiveness. *Cf.* Tex.R.App. P. 38.2(b)(1). Rather, the trial court must evaluate GSU's challenge to Low's requested attorney's fees before it can determine which theory will give Low the greater recovery. Thus the court of appeals erred in rendering judgment for the full amount of attorney's fees that Low sought.

Under either theory of recovery, Low may also be entitled to recover his mental-anguish damages. If the judgment is based on negligence, the amount of damages must be reduced by Low's percentage of responsibility. *See* Tex. Civ. Prac. & Rem.Code § 33.012(a). If the judgment is based on the DTPA, however, the trial court must determine whether a deemed finding under rule 279 is appropriate. GSU argues that the entire DTPA claim fails because the jury was not asked a knowingly question, which GSU argues is required to support a judgment based on a pre–1995 DTPA unconscionability claim.

GSU correctly states the applicable DTPA law, but it is not correct that Low waived his DTPA claim entirely—GSU's failure to object to the omission of a knowingly question from the charge raises the possibility of a deemed finding on that element under rule 279. See Tex.R. Civ. P. 279.

Although unconscionability itself does not require proof of knowledge or intent, *Chastain v. Koonce,* 700 S.W.2d 579, 582–83 (Tex.1985), under pre–1995 DTPA law, recovery of mental-anguish damages under any DTPA theory requires proof of a defendant's knowing conduct. *See City of Tyler v. Likes,* 962 S.W.2d 489, 495 (Tex. 1997); *Luna v. N. Star Dodge Sales, Inc.,* 667 S.W.2d 115, 117–18 (Tex.1984). A plaintiff must present evidence on each essential element of his or her ground of recovery to the jury. *Ramos v. Frito–Lay, Inc.,* 784 S.W.2d 667, 668 (Tex.1990). When an entire ground of recovery or defense is omitted from the charge, that ground is waived. *Id.* But, when a party's theory of recovery or defense consists of a cluster of issues necessary to support that theory and the charge omits an issue without objection, as occurred in this case, the omission does not waive the entire claim. *See id.; Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d 160, 165 (Tex.1982). Instead, the parties have waived a jury trial on the unsubmitted element, thereby submitting it to the trial court to resolve. *First State Bank, Morton v. Chesshir,* 634 S.W.2d 742, 747 (Tex. App.-Amarillo 1982, writ ref'd n.r.e.). Absent written findings on the omitted element, the trial court shall be presumed to have decided the omitted factual issue to support the judgment rendered. *Id.* at 747. But as explained above, we do not know precisely what judgment was rendered in this case. The trial court must in the first instance determine which theory supports the greater recovery before deciding whether to deem a finding under rule 279 to support a judgment based on that theory of recovery.

The court of appeals erred by rendering judgment for the full amount of attorney's fees Low sought in the face of GSU's excessiveness challenge. But without knowing precisely what judgment the trial court rendered, or even what judgment it should have rendered, we cannot determine what the appropriate judgment should be. Accordingly, I would remand this case to the trial court for further proceedings. I therefore respectfully dissent from the Court's opinion and judgment.