In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-425 CV


____________________



IN RE THE COMMITMENT OF DAVID WAYNE JONES






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-05-03117 CV







MEMORANDUM OPINION

 The trial court ordered civil commitment of appellant David Wayne Jones after a jury
found he suffered from a behavioral abnormality that makes him likely to engage in a
predatory act of sexual violence. See Tex. Health & Safety Code Ann. §§ 841.001-841.150 (Vernon 2003 & Supp. 2006). Jones contends the jury's finding is insufficient to
support the commitment order. He challenges the absence of a jury finding that he is a
"repeat sexually violent offender." 

 The statute requires the State prove a person meets the "sexually violent predator"
criteria beyond a reasonable doubt. See id. § 841.062(a); In re Commitment of Fisher, 164
S.W.3d 637, 641 (Tex. 2005), cert. denied, 126 S.Ct. 428 (2005). A "sexually violent
predator" is a person who "(1) is a repeat sexually violent offender; and (2) suffers from a
behavioral abnormality that makes the person likely to engage in a predatory act of sexual
violence." Tex. Health & Safety Code Ann. § 841.003.

 If a person is convicted of more than one sexually violent offense and a sentence is
imposed for at least one of the offenses, the person is considered under the statute a "repeat
sexually violent offender" for civil commitment purposes. See id. The offense of indecency
with a child is a "sexually violent offense." See id. § 841.002(8)(A). 

 Jones argues that the jury's finding that he suffered from a behavioral abnormality that
makes him likely to engage in a predatory act of sexual violence is, by itself, legally
insufficient to support the trial court's judgment and commitment order. Specifically, Jones
contends the judgment must be reversed because there is no finding by the jury that Jones is
a "repeat sexually violent offender." He refers to the standard of review of the legal
sufficiency of the evidence, although his complaint is the absence of a jury finding.

 Jones did not object to this omission from the jury charge. Jones's proposed jury
questions, refused by the trial court, were as follows: (1) "Do you find that David Jones
suffers from a behavioral abnormality that makes him likely to engage in a predatory act of
sexual violence?" and (2) "Do you find that David Jones has serious difficulty in controlling
his sexually violent behavior?" His request did not include a question as to whether he was
a "repeat sexually violent offender." Jones objected at trial only to the omission of his
proposed second question. He does not challenge on appeal that refusal of his proposed
second question. 

 From the record, it appears the omission of the "repeat sexually violent offender"
question from the charge was deliberate, because Jones's status as a "repeat sexually violent
offender" was essentially admitted during trial. The trial record reflects the following
exchange between the parties and the trial court:

 [State's Counsel]: Your Honor, at this time State would offer Court's
Exhibit 4 into evidence. I believe [defense counsel] will
stipulate to that. I'm handing it to him at this time. 


 (Court Exhibit 4 offered.)


 [Defense Counsel]: Yes, Your Honor, we stipulate to its admissibility.


 THE COURT: Very well. This is Exhibit 4, pen packet; is that correct?


 [State's Counsel]: Yes, Your Honor.


 [Defense Counsel]: Yes, sir.


 THE COURT: The next question, though--that's admitted, unless there's
a stipulation as to the accuracy. There's still an issue
about that. 


 (Court Exhibit No. 4 admitted.)


 [State's Counsel]: I'm sorry, Your Honor?


 THE COURT: That's an exhibit. Will we need to submit a question on
whether or not the defendant has been at least twice--or
respondent has been at least twice previously convicted
for sexually violent crimes, for one of which he's done
prison time; or is that also stipulated?


 [Defense Counsel]: I guess the--the exhibit speaks for itself, Your Honor.


 THE COURT: Well, it's just evidence.


 [Defense Counsel]: I know that the Court can take judicial notice of it.


 THE COURT: I can. Yes. And maybe I'm missing something, but it's
just another exhibit. It's just a bit of evidence. There
would still be a jury question on that.


 [Defense Counsel]: Yes, sir.


 THE COURT: Unless there's no controversion. And you're saying you
do not intend to controvert Exhibit 4; is that correct?


 [Defense Counsel]: Correct.


 THE COURT: Very well. Let the record so reflect it's uncontroverted;
therefore, there's no reason to submit a question to the
jury about the first of the two questions; and therefore, it
will be a one-question charge. You may proceed.


The uncontroverted pen packet admitted into evidence contained copies of the judgments
against Jones for nineteen convictions for indecency with a child. He pled guilty and was
sentenced to fifteen years confinement for each offense, to be served concurrently. During
Jones's videotaped deposition played at trial, Jones admitted the offenses occurred while he
was employed at the YMCA. He explained during the videotape deposition, as well as
during his live testimony at trial, that the convictions involved nineteen different victims, and
he stated that he confessed to actually having forty-three victims. His counsel did not object
at the time the pen packet was admitted into evidence to the trial court's ruling that a jury
question as to whether he was a repeat sexually violent offender would be unnecessary,
because the issue was uncontroverted. 

 The issue was established as a matter of law. When an issue is conclusively proven
as a matter of law, no jury question is required. See Brown v. Bank of Galveston Nat'l
Assoc., 963 S.W.2d 511, 515 (Tex. 1998). Even if the issue were not established
conclusively, the omitted issue would be deemed found by the trial court. When an element
of a claim is omitted from the jury charge, and the party opposing the claim does not object
to the omitted element, the party waives a jury trial on the omitted element and implicitly
agrees to submit the issue to the trial court for determination. See Gulf States Utils. Co. v.
Low, 79 S.W.3d 561, 565 (Tex. 2002); see also Tex. R. Civ. P. 279. In the absence of an
objection and an express finding by the trial court on the omitted element of a submitted
claim, the reviewing court deems a finding that supports the judgment if there is sufficient
evidence to support the finding. See State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430,
437 (Tex. 1995). The pen packet and Jones's testimony provide legally and factually
sufficient evidence to support a deemed finding Jones is a repeat sexually violent offender.

 Appellant's sole issue is overruled. We affirm the judgment and order of civil
commitment. 

 AFFIRMED.

 

 _________________________________

 DAVID GAULTNEY

 Justice

 

Submitted on September 5, 2006

Opinion Delivered October 26, 2006


Before Gaultney, Kreger and Horton, JJ.