

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00741-CV

Edward R. **MEZA**, Jr., Sylvia Meza, and New Braunfels Home Health, Inc.
d/b/a N.B. Home Health,
Appellants

v.

## HONORCARE HOME HEALTH, INC.,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 376006
Honorable Karen Crouch, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: December 27, 2018

AFFIRMED

Edward R. Meza, Jr., Sylvia Meza, and New Braunfels Home Health, Inc. d/b/a N.B. Home

Health appeal a judgment awarding Honorcare Home Health, Inc. $165,000.00 in damages. The

two issues presented on appeal are: (1) whether Honorcare's claims for breach of fiduciary duty,

theft, and misappropriation of corporate funds are barred by the economic loss rule; and (2)

whether the trial court erred in calculating the damage award. We affirm the trial court's judgment.

**BACKGROUND**

On February 27, 2012, Honorcare, a home health care agency, sued the appellants alleging numerous causes of action arising from actions taken in relation to a Management Services Agreement entered into between N.B. Home Health and Honorcare effective April 25, 2011. N.B. Home Health is owned by the Mezas.

The Management Services Agreement was signed in connection with an agreement pursuant to which Edward Meza agreed to purchase all the stock of Honorcare from Gloria Burns for $390,000 over a four-year period. Under the Management Services Agreement, N.B. Home Health agreed to provide comprehensive management and consulting services to Honorcare, including "the timely and accurate payment on behalf of [Honorcare] of all operating expenses and payables, including personnel salaries and payroll taxes." As consideration for its services, N.B. Home Health was to be paid a fee equal to Honorcare's revenues minus expenses.

After a three-day bench trial, the trial court entered judgment in favor of Honorcare "for breach of contract, theft, breach of fiduciary duty, [and] misapplication of corporate funds in the sum of $165,000.00." The appellants timely filed a notice of appeal.

**LIABILITY FINDINGS**

In their first issue, the appellants contend the trial court erred in granting judgment in favor of Honorcare on its claims for breach of fiduciary duty, theft, and misappropriation of corporate funds. The appellants assert those claims were barred by the economic loss rule.

"In actions for ***unintentional torts***, the common law has long restricted recovery of purely economic damages unaccompanied by injury to the plaintiff or his property—a doctrine … referred to as the economic loss rule." *LAN/STV v. Martin K. Eby Const. Co., Inc.*, 435 S.W.3d 234, 235 (Tex. 2014) (emphasis added). The rule "is not generally applicable in every situation" and "allows recovery of economic damages in tort, or not, according to its underlying principles." *Id*.

at 235-36.  Under those principles, determining whether the economic loss doctrine is applicable requires an examination of the source of a defendant's duty and the nature of the plaintiff's injury. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45 (Tex. 1998).  In making reference to actions for **unintentional torts** in discussing the economic loss rule, the Texas Supreme Court recognized exceptions to the economic loss rule exist for intentional torts like breach of fiduciary duty and fraud.  *LAN/STV*, 435 S.W.3d at 235; *see also Formosa Plastics Corp. USA.*, 960 S.W.2d at 47 (rejecting application of the rule in fraud cases); *Haynes v. Hawkes*, No. 05-17-00304-CV, 2018 WL 3134884, at *4 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.) (noting economic loss rule contains several exceptions "including claims for breach of fiduciary duty and fraud"); *Peterson Group, Inc. v. PLTQ Lotus Group, L.P.*, 417 S.W.3d 46, 62 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("while the economic loss rule has been applied to bar negligence and products liability causes of action when the injury alleged was also the subject matter of a contract, it has not been extended to bar recovery for fraud") (internal citation omitted).  Because each of the claims about which the appellants complain are intentional tort claims, they are not barred by the economic loss rule.  Accordingly, the appellants' first issue is overruled.

## DAMAGES

In their second issue, the appellants contend the trial court erred in calculating the amount of damages awarded to Honorcare because it "1) considered payments for personal expenses as damages; 2) incorporated estimates of damages of a former owner of the appellee as damages, and 3) used the alleged decrease in value of the company when it computed damages without credible evidence."  The appellants do not cite any authority in support of their second issue; therefore, their second issue is waived.  *See* TEX. R. APP. P. 38.1(i); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("An issue not supported by authority is

waived."). Even if we considered the issue, we would construe the appellants' second issue as a challenge to the sufficiency of the evidence supporting the damage award. Because appellants only pray for a remand of the cause, we would further construe the appellants' issue as a factual sufficiency challenge.

"When reviewing an assertion that the evidence is factually insufficient to support a finding, a court of appeals sets aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, it determines that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016). When reviewing the sufficiency of the evidence supporting a trial court's findings, "we do not serve as a fact finder, pass upon the credibility of witnesses, or substitute our judgment for that of the trier of fact, even if there is conflicting evidence upon which a different conclusion could be supported." *Hausman v. Hausman*, 199 S.W.3d 38, 41 (Tex. App.—San Antonio 2006, no pet.). In a bench trial, the trial court, as the factfinder, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Furthermore, as the factfinder, the trial court had the discretion "to award damages within the range of evidence presented at trial." *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002).

The bank records introduced as evidence establish that upon the appellants taking control of Honorcare's bank account, the account was used to pay the Mezas' travel expenses to Las Vegas, expenses in Aruba, over $3,000 in hotel and nightclub expenses, $2,000 in travelers checks, $1,016.36 to a ticket wholesaler, and countless restaurant and other personal expense charges. In addition, the bank records reveal numerous unidentified ATM and counter withdrawals made by the Mezas totaling $30,988.19. Although Edward Meza (referred to hereinafter as Meza) testified

Burns authorized him to use Honorcare's account for personal expenses, Burns denied giving him any such authority. As the sole judge of the credibility of the witnesses, the trial court could have believed Burns and disbelieved Meza.

On January 19, 2012, the Texas Department of Aging and Disability Services finalized a report based on a survey or audit of Honorcare conducted from January 13, 2012 to January 18, 2012. The report referred to Meza as the administrator and noted he failed to ensure Honorcare had sufficient funds to meet its payroll from November 2011 through January 2012, and employees resigned as a result placing Honorcare's clients at risk for inappropriate lack of care and services. The trial court could have considered the survey and the actions documented by the report as evidence that Honorcare's business reputation was damaged as a result of the appellants' actions, including the failure to pay payroll.

As a result of the audit, phone calls she received from clients stating Meza was planning to move the clients to another agency he owned, and not receiving the payments she was entitled to receive under the stock purchase agreement, Burns re-assumed control of Honorcare in late January or early February of 2012. At that time, Burns discovered the agency's records had been destroyed because the appellants failed to pay their rent, and Meza was the landlord who authorized the destruction of the records. The trial court could have found Honorcare's business operations were damaged by the destruction of its records. Because she was unable to return the agency to its prior operating condition, Burns located a buyer who purchased Honorcare for $190,000 on March 28, 2012, less than a year after Meza agreed to purchase the agency for $390,000. Attached to the purchase agreement was a list of Honorcare's outstanding debts totaling $165,450. Although the Mezas testified most of the debt was incurred prior to Meza's agreement to purchase Honorcare, Burns testified to the contrary. As the sole judge of the credibility of the witnesses, the trial court could have believed Burns and disbelieved the Mezas.

Because the amount of damages awarded by the trial court was within the range of evidence presented at trial, we hold the evidence is factually sufficient to support the trial court's damage award. The appellants' second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice